**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NICHOLAS EAGAN              :
118 Boehmhurst Avenue      :
Apt. 2                              :
Sayerville, NJ 08872         :
                 *Plaintiff*          :
                                :       **JURY TRIAL DEMANDED**
        vs.                    :
                                :
NEW JERSEY TRANSIT RAIL OPERATIONS    :
Inc., (NJTRO)                :
One Penn Plaza East         :
Newark, NJ 07105           :
                *Defendant*       :
                                :

## <u>COMPLAINT</u>

1.     The Plaintiff, Nicholas Eagan, is a citizen of the State of New Jersey, residing at 118 Boehmhurst Avenue, Apartment 2 in Sayerville, New Jersey.

2.     Defendant, New Jersey Transit Operations, Inc. (hereinafter referred to as "NJTRO"), is a corporation organized and existing under the laws of the State of New Jersey, whose principal place of business and address for service of process is One Penn Plaza East, Newark, New Jersey 07105.

3.     The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4.     The defendant, New Jersey Transit Rail Operations, was engaged in interstate

commerce as a common carrier by railroad operating a line and system of railroads in the States of New Jersey, New York, and Pennsylvania.

5.    The acts of omission and commission causing injuries to the Plaintiff were done by the defendant, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the defendant.

6.    The Plaintiff was employed by defendant and was acting in the scope of his employment by the defendant as a Trackman and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7.    All the property, equipment and operations involved in Plaintiff's injury were owned and/or under the direct and exclusive control of the defendant, their agents, servants, workmen and/or employees.

8.    On May 16, 2022, at approximately 8:15 a.m., Plaintiff was working at the Pearl River Station in New York while on the back of the 102 spiker when he slipped and fell on his right side.

9.    Defendant was aware that steel in the back of the spiker was slippery when wet but took no measure to ensure safe footing.

10.    Defendant was aware that employees including Plaintiff were required to step and retain footing on the slippery steel to load kegs of spikes into the spiker.

11.    Defendant was aware that anti-slip tape or other slip resistant would have alleviate the danger.

12.    Defendant was aware that employees had placed cardboard on the steel to provide more secure footing.

13.    Plaintiff was diagnosed with a fractured foot and tears of the ankle ligaments.

14.     He was treated and able to return to duty.

15.     As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff suffered injury to his property and person. As    a    direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff was unable to attend to his usual duties and occupations, all of which caused economic loss including but not limited to temporary loss of past earning capacity.

16.     As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff was caused economic loss including loss of property, replacement costs of his property and storage fees related to the damaged property.

17.     As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been required to receive and undergo medical treatment and medical care for these injuries.

18.     As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained physical pain, mental and emotional suffering, inconvenience, stress and reduction in the enjoyment of life.

WHEREFORE, the Plaintiff demands judgment and compensatory damages against the defendant.

**GOGGIN & DUCKWORTH, P.C.**

By:     */s/ James M. Duckworth*
          JAMES M. DUCKWORTH, Esquire
          *Attorney for Plaintiff, Nicholas Eagan*

DATED:  February 28, 2025