**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NICHOLAS EAGAN<br>118 Boehmhurst Avenue<br>Apt. 2<br>Sayerville, NJ 08872<br><br>         Plaintiff,<br><br>v.<br><br>NEW JERSEY TRANSIT RAIL OPERATIONS<br>Inc., (NJTRO)<br>One Penn Plaza East<br>Newark, NJ 07105<br><br>         Defendant. | Civil Action No. 2:25-cv-01568-JKS-AME<br><br>**ANSWER TO COMPLAINT** |

**ANSWER ON BEHALF OF DEFENDANT, NEW JERSEY TRANSIT RAIL OPERATIONS, INC.**

Defendant, New Jersey Transit Rail Operations, Inc., by way of answer to the Complaint filed against it says:

1.      The defendant has insufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and leaves plaintiff to his proofs and further denies all allegations that may be deemed to be directed against it.

2.      The allegations of this paragraph are admitted.

3.      The allegations of this paragraph are denied.

4.      The defendant has insufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and leaves plaintiff to his proofs and further denies all allegations that may be deemed to be directed against it.

5.      The allegations of this paragraph are denied.

6. The defendant has insufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and leaves plaintiff to his proofs and further denies all allegations that may be deemed to be directed against it.

7. The allegations of this paragraph are denied.

8. The defendant has insufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and leaves plaintiff to his proofs and further denies all allegations that may be deemed to be directed against it.

9. The allegations of this paragraph are denied.

10. The allegations of this paragraph are denied.

11. The allegations of this paragraph are denied.

12. The allegations of this paragraph are denied.

13. The defendant has insufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and leaves plaintiff to his proofs and further denies all allegations that may be deemed to be directed against it.

14. The defendant has insufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and leaves plaintiff to his proofs and further denies all allegations that may be deemed to be directed against it.

15. The allegations of this paragraph are denied.

16. The allegations of this paragraph are denied.

17. The allegations of this paragraph are denied.

18. The allegations of this paragraph are denied.

**SEPARATE DEFENSES**

1. This defendant was not negligent.

2. The plaintiff was guilty of contributory negligence.

3. The Complaint fails to set forth a cause of action upon which relief can be granted.

4. The action is barred or otherwise limited by the provisions of the New Jersey Comparative Negligence Law, N.J.S.A. 2A:15-5.1, et seq.

5. The plaintiff has failed to comply with the notice provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:8-8.

6. The incident and damages alleged are due to the negligence of third persons over whom this defendant exercised no control.

7. The action is barred by the Statute of Limitations, N.J.S.A. 2A:14-2.

8. The action is barred by the Doctrine of Laches.

9. This action is barred or limited by the Doctrine of Avoidable Consequences.

10. Plaintiff has failed to mitigate damages.

11. Defendant is entitled to all credits for reimbursed expenses pursuant to N.J.S.A. 2A:15-97 eff. Dec. 18, 1987.

12. Defendant is entitled to a set-off or a credit for amounts paid by it or on its behalf on account of medical bills claimed by or on behalf of the plaintiff.

13. This defendant is immune from suit pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., including not limited to N.J.S.A. 59:2-3, N.J.S.A. 59:2-10 and common law.

14. The Complaint and any recovery resulting therefrom are barred, limited and/or controlled by the provision of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.

15. Plaintiff's damages are barred and/or limited by the Title 59 threshold and/or N.J.S.A. 59:9-2 and N.J.S.A. 59:9-3.1.

16. Plaintiff's failure to file a Notice of Claim pursuant to N.J.S.A. 59:8-3 and N.J.S.A. 59:8-4 bars this action.

17. This defendant has engaged in discretionary activities precluding liability against this defendant pursuant to N.J.S.A. 59:2-3 and/or N.J.S.A. 59:3-2.

18. Plaintiff's claims against this defendant are barred for failure to meet the criteria of N.J.S.A. 59:4-2.

19. Plaintiff's claims are barred by N.J.S.A. 59:8-8 and N.J.S.A. 59:8-9.

20. This defendant is immune from liability pursuant to N.J.S.A. 59:2-1 et seq.

21. This defendant denies any breach of duty to the plaintiff.

22. Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of plaintiff's claim against defendant.

23. The injuries alleged in the Complaint are not the foreseeable consequences of any act or omission and/or commission or conduct on behalf of this defendant and are too remote and/or speculative to warrant a recovery against this defendant.

24. This defendant was not negligent and violated no duty to plaintiff.

25. Plaintiff has recovered the cost of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economic loss, and any future such loss or expense will, with reasonable probability, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiff shall be reduced in accordance with the provisions

of New Jersey Rule 2A:15-97.

26. Inasmuch as the plaintiff did not suffer any injury entitling the plaintiff to damages for pain and suffering, nor did the plaintiff suffer any permanent loss of bodily function, disfigurement or dismemberment, nor did the plaintiff incur medical treatment expense in excess of $3,600.00 by reason of either or a combination of the foregoing, this defendant is immune from liability pursuant to N.J.S.A. 59:9-2.

27. This defendant is immune from liability in this action by reason of any failure to make an inspection or by reason of making an inadequate or negligent inspection of any property by virtue of N.J.S.A. 59:2-6 and/or N.J.S.A. 59:3-7.

28. The conditions described in the Complaint were not dangerous, were not the proximate cause of injuries alleged by the plaintiff, nor did the conditions create a reasonable foreseeable risk of the kind of injury which was incurred, and this defendant is therefore immune from liability by virtue of N.J.S.A. 59:4-2.

29. This defendant had neither actual nor constructive notice of the conditions described by the plaintiff within a sufficient time prior to the alleged accident so as to have taken measures to protect against the same and is immune from liability by virtue of N.J.S.A. 59:4-2 and N.J.S.A. 59:4-3.

30. The action taken to protect against the condition alleged by the plaintiff or the failure to take such action was not palpably unreasonable, and this defendant is immune from liability by virtue of N.J.S.A. 59:4-2.

31. This action is barred or otherwise limited by plaintiff's receipt of payment for damages from collateral sources.

32. The action is barred and/or limited by the Federal Employers Liability Act, 45

U.S.C., Section 51, et seq.

33. This defendant reserves the right to amend its answer and to assert additional answers and/or supplement, alter or change this answer upon revelation of more definite facts during and/or upon the completion of further discovery and investigation.

### DEMAND FOR STATEMENT OF DAMAGES

This defendant demands that plaintiff provide within the time provided by the Rules of Court a statement of the amount of damages claimed in this matter.

### JURY DEMAND

This defendant demands a trial by jury as to all issues involved.

### FILING AND MAILING CERTIFICATION

I hereby certify that the within Answer has been electronically filed with the Clerk of the United States District Court – District of New Jersey and that true copies have been served upon all counsel of record on this date via e-filing.

**RUPRECHT HART RICCIARDULLI & SHERMAN, LLP**
Attorneys for Defendant, New Jersey Transit Rail Operations, Inc.

By: /s/ Thomas C. Hart
Thomas C. Hart, Esq.

Dated: March 24, 2025